# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**JESUS NOEL RAMOS QUINTERO,**<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cr-00348-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Jesus Noel Ramos Quintero's Motion for Review of Detention by District Judge wherein Defendant appeals Magistrate Judge Dustin B. Pead's April 17, 2020 Order denying Defendant's Motion for Review of Detention Order. On May 14, 2020, this court telephonically held oral argument on Defendant's motion. Defendant was on the telephone conference and represented by Brett R. Parkinson. The United States was represented on the telephone conference by Kelsy B. Young. The court took the motion under advisement. This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's detention pending trial. Being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On September 12, 2019, Defendant was charged in an indictment with one count of possessing heroin with intent to distribute. Later that month, the magistrate judge ordered that Defendant be detained pending trial, and Defendant waived his right to a detention hearing at that time. Subsequently, in April 2020, Defendant sought review of his detention and moved for immediate release. On April 17, 2020, the magistrate judge denied Defendant's motion.

## DISCUSSION

Defendant now appeals the magistrate judge's order detaining Defendant pending trial pursuant to 18 § U.S.C. 3145(b), 18 U.S.C. § 3142(i), and DUCrimR 57-16(a)(1). "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 § U.S.C. 3145(b); *see also* DUCrimR 57-16(a)(1) (allowing a party to "seek review of a magistrate judge's order . . . detaining a defendant"). When considering an appeal from a magistrate judge's order of detention, the district court conducts a de novo review. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

18 § U.S.C. 3142(e)(1) provides that after a detention hearing, if the judge determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judge "shall order the detention of the person before trial." Importantly, however, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* § 3142(e)(3).

In his appeal, Defendant advances three arguments in favor of his release pending trial: (1) jails and prisons create the ideal environment for the transmission of COVID-19; (2) he suffers from asthma and chronic obstructive pulmonary disease ("COPD"), putting him at greater risk of suffering severe complications from COVID-19 if he were to contract it; and (3) he is a low risk to society.

As a preliminary matter, the court notes that the presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3).  While Defendant may rebut that presumption, the court finds that, here, Defendant should remain incarcerated pending trial.  To start, the court remains unconvinced that the general risk to the prison population at large necessitates Defendant's release in this case.  While incarcerated individuals may be at a higher risk of being exposed to and spreading COVID-19, Defendant's allegations are too speculative to serve as a basis for relief.  In addition, although the risks posed to Defendant due to his health issues are not lost on the court, the court finds Defendant's contentions to be insufficient to warrant release given the charge for which Defendant has been detained.

Lastly, as mentioned above, Defendant advocates for his release pending trial arguing that he presents a low risk to society.  The court, however, is unpersuaded.  First, although Defendant's charged offense is a non-violent offense, that does not remove the danger that Defendant's alleged actions posed to society.  Defendant was charged with possession of a considerable amount of heroin and the intent to distribute the same.  It goes without saying that a significant quantity of such an illicit substance out in the community could lead to devastating consequences.  Second, and most importantly, the court is persuaded that the risk of flight in this case is high.  Defendant is a Mexican national and was only visiting in Utah when he was detained.  Although Defendant has some family ties to Utah, those ties are not sufficient enough to alleviate the court's concern regarding the risk of Defendant fleeing.  Moreover, notwithstanding the fact that travel has become more and more difficult over the course of the pandemic, nearly every state, including Utah, has started easing COVID-19 restrictions.  With the lessening of restrictions, the ability to travel outside of this District greatly increases.  The court therefore concludes that the magistrate judge properly detained Defendant pending trial.

3

## CONCLUSION

Based on the foregoing reasoning, the court hereby AFFIRMS Magistrate Judge Pead's April 17, 2020 Order denying Defendant's Motion for Review of Detention Order.

DATED this 19th day of May, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge